IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HOUSTON PREGNANCY HELP CENTER
INC.

                    Plaintiff,

v.

CARE NET PREGNANCY CENTER OF
HOUSTON

                  Defendant.

Case No. _____

<u>JURY DEMANDED</u>

## <u>**ORIGINAL COMPLAINT**</u>

Plaintiff Houston Pregnancy Help Center, Inc. ("Houston Pregnancy Help Center") or "Plaintiff") brings this action against Defendant Care Net Pregnancy Center of Houston ("Care Net" or Defendant) for unauthorized use and infringement of Plaintiff's common law service marks. Plaintiff brings this action under both the federal Lanham Act and Texas common law.

1. Unfortunately, by adopting and beginning to use a new assumed name and URL, Defendant Care Net has created a serious problem, whether intentional or not, namely, a likelihood of confusion with Plaintiff Houston Pregnancy Help Center. Defendant's new name and URL are virtually identical to the name and URL used by Plaintiff for over twenty years (its name) and twelve years (its URL). Defendant offers the same services as Plaintiff in overlapping geographical areas and is familiar with Plaintiff. The two parties interact with many of the same members of the public in the Houston area. The similarity in names and URL has already created confusion by people who mistakenly believe the two organizations are affiliated. Defendant Care Net needs to immediately change its name and URL, to prevent a likelihood of confusion in the future. As part of this lawsuit, Plaintiff is requesting judicial intervention primarily in the form of injunctive relief.

2.      Plaintiff's marks that have been infringed include but are not limited to the marks "HOUSTON PREGNANCY HELP CENTER" and "WWW.HOUSTONPREGNANCY.ORG" ("Plaintiff's Marks"). Defendant's marks that create a likelihood of confusion include "HOUSTON PREGNANCY CENTER," "HPC," and WWW.HOUSTONPREGNANCY.COM. Defendant's marks that infringe also include other assumed names that Defendant has listed in filings with the Texas Secretary of State, such as:

- HOUSTON PREGNANCY CENTERS,

- HOUSTON PREGNANCY CENTER OF HOUSTON,

- HOUSTON PREGNANCY CENTERS OF HOUSTON,

- HOUSTON PREGNANCY CENTER – CYPRESS,

- HOUSTON PREGNANCY CENTER – NORTHEAST,

- PREGNANCY CENTER OF HOUSTON,

- PREGNANCY CENTERS OF HOUSTON,

- HOUSTON PREGNACY CENTER – HUMBLE,

-  HOUSTON PREGNANCY CENTER – CHAMPIONS

- HOUSTON PREGNANCY CENTER OF HUMBLE

- HOUSTON PREGNANCY CENTER OF CYPRESS

**PARTIES**

3.      Plaintiff Houston Pregnancy Help Center, Inc. is a non-profit corporation organized under the laws of the state of Texas, having a principal place of business at 3636 San Jacinto Houston, Texas 77004.

4.      Defendant Care Net Pregnancy Center of Houston ("Care Net") is a non-profit corporation organized under the laws of the state of Texas. According to Defendant's filing with the Texas Secretary of State, the address of Care Net's principal place of business is 17776 State

Highway 249, Ste 34B, Houston, Texas 77064.

5.    Care Net may be served with process by serving its registered agent, Nanda D. Kirkpatrick, at 14530 Wunderlich Drive, Houston, Texas 77069.

## JURISDICTION AND VENUE

6.    This action alleges violations of federal law, namely: service mark infringement and unfair competition, all under the Federal Lanham Act, Title 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"). Accordingly, this Court has original subject matter jurisdiction over the federal law claim under the Lanham Act, 28 U.S.C. § 1338 (federal jurisdiction over trademarks and unfair competition), and 28 U.S.C. § 1331 (federal question).

7.    This action also alleges violations of Texas state law, namely, common law service mark infringement. The Texas state law claim shares a common nucleus of operative facts with the federal law claims. Accordingly, this Court has supplemental subject matter jurisdiction over the Texas state law claims under 28 U.S.C. § 1367.

8.    This Court has personal jurisdiction over Defendant who resides in Texas and this Judicial District and who has engaged in "doing business" in Texas and in this Judicial District as set forth below, including committing torts (e.g., acts of infringement) in whole or in part in this Judicial District and in Texas.

9.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2) because Defendant is a resident of Texas residing in this Judicial District and also because a substantial part of the events or omissions giving rise to the claims asserted against Defendant occurred in this Judicial District.

## FACTUAL BACKGROUND

10.     Plaintiff Houston Pregnancy Help Center owns the common law rights in the service marks "HOUSTON PREGNANCY HELP CENTER" and "HOUSTONPREGNANCY.ORG," among other marks (Plaintiff's Marks"). Houston Pregnancy Help Center was the first in Houston and the United States to adopt and use the name "HOUSTON PREGNANCY HELP CENTER" in connection with its services that have included counseling and helping women who believe they are pregnant and are considering abortion as well as alternatives to abortion such as adoption or parenting (Plaintiff's Services). Houston Pregnancy Help Center began using its name in connection with those services in 2003 and has continued to use that name as a trade name and service mark, not only in Houston but also in other parts of Harris, Montgomery, and Fort Bend Counties as well as other parts of Texas and particularly in the areas served by Defendant. Plaintiff has advertised its Services using the mark HOUSTON PREGNANCY HELP CENTER in a variety of ways, including but not limited to (a) its website, (b) its Instagram account, (c) Facebook, (d) signage, (e) newsletters, (f) emails sent to actual and prospective donors, (g) signage and brochures at fundraisers, and (h) spoken usage in phone calls, banquets, and speeches.

11.     In 2012, Plaintiff Houston Pregnancy Help Center acquired the domain name HOUSTONPREGNANCY.ORG and since then has been using it continuously as its URL in connection with its Services. For example, since 2012, Plaintiff has linked its website, in which it has advertised its Services, using that domain name. Accordingly, HOUSTONPREGNANCY.ORG has operated as a service mark for Plaintiff.

12.     Plaintiff Houston Pregnancy Help Center has been using its HOUSTON PREGNANCY HELP CENTER mark continuously since 2003. That mark has acquired

distinctiveness through secondary meaning in the minds of relevant consumers. The mark HOUSTONPREGNANCY.ORG has been used continuously since 2012 and has also achieved acquired distinctiveness through secondary meaning in the minds of relevant consumers.

13.     On information and belief, Defendant originally was formed in 1991 as Northwest Pregnancy Center, Inc. and after several name changes in 2024 changed its official name to CARE NET PREGNANCY CENTER OF HOUSTON. In 2026, surprisingly and without asking for Plaintiff's permission, Defendant adopted and began using the marks HOUSTON PREGNANCY CENTER and HOUSTONPREGNANCY.COM, and filed Assumed Name certificates for a number of other similar phrases.

14.     Defendant's actions have created a likelihood of confusion between Defendant's Marks and Plaintiff's Marks, which are virtually identical. Defendant offers virtually identical services as those of Plaintiff, i.e., services that include counseling and helping women who believe they are pregnant and are considering abortion as well as alternatives to abortion such as adoption or parenting (Defendant's Services). The relevant class of consumers for both Plaintiff and Defendant is identical, not only women who believe they might be pregnant and are seeking alternatives to abortion but also churches, faith-based organizations, and individuals who donate to both Plaintiff and Defendant. Also, Plaintiff and Defendant use the same types of advertising, which includes a website, newsletters, and Instagram. Furthermore, there have been instances of actual confusion. Accordingly, there is a likelihood of confusion between Plaintiff's and Defendant's Marks.

## CAUSES OF ACTION

### COUNT I
### (Trademark Infringement and Unfair Competition under the Lanham Act)

15.     The allegations set forth above in paragraphs 1-14 are hereby repeated and incorporated by reference as if set forth expressly herein.

16.     Plaintiff owns all common law rights, title, and interest in and to the Marks HOUSTON PREGNANCY HELP CENTER and HOUSTONPREGNANCY.ORG in connection with Plaintiff's Services, under the federal Lanham Act.

17.     Plaintiff's Marks are eligible for protection under the federal Lanham Act. They have acquired distinctiveness based on secondary meaning.

18.     Plaintiff began using the Marks in the Houston area, Texas, and elsewhere in the United States many years before Defendant began using its infringing Marks in connection with Defendant's Services. Plaintiff is the "senior user" and Defendant is the "junior user."

19.     Defendant's actions have not been authorized by Plaintiff.

20.     By using its Marks, Defendant has created a likelihood of confusion among relevant consumers regarding source, sponsorship, and/or affiliation.

21.     Defendants' actions complained of above constitute direct infringement of Plaintiff's Marks and unfair competition under 15 U.S.C. § 1125(a).

22.     Defendant has been damaged and has caused irreparable harm to Plaintiff, and Plaintiff is entitled to recovery of any damages, as well as temporary, preliminary, and permanent injunctive relief.

### COUNT II
### (Trade Name and Service Mark Infringement under Texas Common Law)

23.     The allegations set forth above in paragraphs 1-22 are hereby repeated and incorporated by reference as if set forth expressly herein.

24. Defendant's acts complained of above have caused—and will continue to cause—a likelihood of confusion in the minds of consumers and thus constitute trade name and service mark infringement under Texas common law.

25. Plaintiff has been damaged. Furthermore, Defendant has caused harm that is irreparable, and Plaintiff is accordingly entitled to temporary, preliminary, and permanent relief under Texas common law.

### JURY DEMAND

26. Plaintiff hereby demands this case be tried by a jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment as follows:

A. That Plaintiff owns the marks HOUSTON PREGNANCY HELP CENTER and HOUSTONPREGNANCY.ORG (Plaintiff's Marks) under both the federal Lanham Act and Texas state common law, in connection with services that Plaintiff has been providing in connection with the Marks (Plaintiff's Services);

B. That Defendant has infringed Plaintiff's service mark rights under the federal Lanham Act and Texas common law, by using "HOUSTON PREGNANCY CENTER" and "HOUSTONPREGNANCY.COM," as well as any of the assumed names listed above;

C. That, based on the same actions for which Defendant is liable for infringement, Defendant has also engaged in unfair competition under the federal Lanham Act;

D. That, in accordance with the foregoing paragraphs (A) through (C), Defendant has committed service mark infringement under 15 U.S.C. § 1125(a) and Plaintiff is entitled to the remedies set forth, including but not limited to any monetary damages that are established;

E. That Defendant and each of its affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons acting in concert or participation with Defendant who has notice of any judgment or order entered in this case be preliminarily and permanently enjoined from using the marks HOUSTON PREGNANCY CENTER or HOUSTONPREGNANY.COM and any of the above-mentioned assumed names that are found to infringe; carrying out any of the aforementioned acts for which Defendant has been found liable; using or asserting exclusive rights in, or ownership of, the Marks; engaging in unfair competition under the Lanham Act; committing any acts likely to cause the public to believe that any of Defendant's uses of the Marks with respect to any of Defendant's actual or proposed services or

business operations, are authorized by or related to Plaintiff; and attempting, causing, or assisting any of the above-described acts; and

F.     Award Plaintiff such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Date: <u>July 8, 2026</u>                    **MY IDEA LAW PLLC**


<u>/s/ Douglas H. Elliott</u>
Attorney-In-Charge
Texas Bar No. 06535900
S.D. Texas No. 7830
doug@myidea.law
820 Gessner Road, Suite 312
Houston, Texas 77024
Telephone: (832) 485-3560

ATTORNEYS FOR PLAINTIFF